## No. 4668.

### O. L. BLANCHARD v. MAXIMILIAN KENISON.

Where the claim of plaintiff was for about $478, principal and interest, at the institution of the suit, and was alleged to be the hire paid in advance, under a charter party, for a steamboat, which was lost; and where the defendant reconvened, claiming $10,200; the value of the boat;

Held—That the motion to dismiss the appeal for want of jurisdiction, must prevail. The real matter in dispute is less than $500. The char er party is not the matter in dispute. The demand, it is true, grows out of the charter party, but it is simply to recover back a certain sum paid under the provisions of the charter party; and the right to recover back, as alleged, springs from a cause outside of the charter party, and the existence, or validity, or the enforcement, of the charter party, is not involved in plaintiff's demand. Besides, no appeal has been taken in relation to the reconventional demand.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch, J. Bentinck Egan,* for plaintiff and appellee. *Randolph, Singleton & Browne,* for defendant and appellant.

HOWELL, J. A motion is made to dismiss this appeal, for want of jurisdiction.

The claim of plaintiff and appellee is for about $478, principal and interest, at the institution of suit, and is alleged to be the hire, paid in advance, under a charter party, for a steamboat, which was lost. The defendant reconvened, claiming $10,200, the value of the boat. Judgment was rendered in favor of plaintiff, for the sum claimed, and dismissing the demand in reconvention. The defendant was allowed a suspensive appeal from said judgment, upon giving bond, as required by law. He gave bond for $850.

The motion must prevail. The matter in dispute on the principal demand is less than $500, and we have no jurisdiction of it. The appellant errs in saying the charter party is the matter in dispute. The demand, it is true, grows out of the charter party, but it is simply

to recover back a certain sum paid under the provisions of the charter party; and the right to recover back, as alleged, springs from a cause outside of the charter party; and the existence or validity, or the enforcement of the charter party is not involved in plaintiff's demand.

Nor can we maintain the appeal as to the reconventional demand, as no appeal seems to have been taken therefrom.

It is therefore ordered that the appeal be dismissed, with costs.

Rehearing refused.